*289 OPINION.
Lansdon:
It should be stated at the outset, that while the petitioner was engaged, during all of the years under consideration, in the sale of merchandise on the installment plan, the appeal raises no question as to its right to compute its net income on the installment basis. The books of account were maintained in accordance with the accrual method of accounting; the net income reported in the returns of the several years under consideration was computed in accordance with that same method; and the petitioner contends that no other method of accounting will clearly reflect its net income.
The first issue raised is whether the additions made to the “Re- ■ serve for cost to collect and bad debts,” in each of the years under consideration, represent unrealized profits which should be excluded from gross income, or, in the alternative, whether the amounts thus set aside to the reserve in each year constitute allowable deductions in computing taxable net income. The petitioner contends that a portion of the annual increase in accounts receivable represents unrealized profits and should be excluded from gross income, because, in a later year, there will be expenses incurred in the collection of these accounts and some of the accounts will prove to be worthless. It submits an alternative contention, that the annual additions to the reserve are allowable deductions from income, under the provisions of section 234 (a) (4) of the Revenue Act of 1918, as losses sustained during the taxable year, and not compensated for by insurance, or otherwise.
The accrual method of accounting.requires that at the end of every accounting period all income which has been earned must be accounted for as income accrued in that period. This is true notwithstanding that the income is not due and will not be collected until some future date. Appeal of Owen-Ames-Kimball Co., 5 B. T. A. 921. The increase in the accounts receivable, in any one of the years under consideration, resulted from sales transactions entered into and completed within the year. All of the incidents which entitled or required the petitioner, under the method of accounting employed, to accrue these accounts receivable and the profits represented thereby on its books of account, had taken place before the close of the year. There remained nothing further to be done on the part of the petitioner lawfully to entitle it to receive the full amount of these accounts. The acts of sale and the performance by the petitioner of all of its obligations under the sales contracts, determined the earning of the income. There can hardly be any question that the income represented by the increase in the accounts receivable in each of the years under consideration was earned in those respective years. The statutory definition of gross income, as *290 laid, down in section 213(a) of the Bevenue Act of 1918, does not differ from the accounting conception of gross income. In a merchandising business, such as that in which the petitioner is engaged, the “gains, profits, and income derived * * * from * * * sales” are represented by the excess of the aggregate selling price over the cost of goods sold. This is a simple and elementary principle of accoiinting, which is generally understood, and needs no elucidation on the part of this Board. If the income is to be reduced in some manner by the estimated expenses of collecting it at some time in the futiire and the estimated amount thereof which may not be collected, then, the reduction must take the form of a statutory deduction from income, authority for which must be found under the provisions of section 214 (a) or section 284 (a) of the Bevenue Act of 1918. The estimated amounts, if actually earned, can not be excluded from gross income on the ground that they are unrealized profits.
It is apparent from the mere reading of the provisions of section 214 (a) (4) of the Bevenue Act of 1918, and the corresponding provisions of section 234 applicable to corporate taxpayers, upon which the petitioner relies as authority for its alternative contention that the annual additions to the reserve are proper deductions from gross income as losses, that those sections afford no basis for its contention. Both of the sections referred to provide for the deduction of “Losses sustained durmg the taxable year” and. not of Josses which may or may not be sustained in some future year. Nor do we upon examination of the provisions of those entire sections— and they constitute the whole authority for the deduction of business expenses — find any basis for the deduction of these annual additions to the reserve. On the contrary, we find that the deduction to be allowed for bad debts is the total debts ascertained to be worthless and charged off within the taxable year,” and in the case of business expenses “ all the ordinary and necessary expenses paid or incurred during the taxable year.” There was no ascertainment during the taxable years in question that a portion of the outstanding accounts receivable, at the close of each of those years, were worthless; nor were the expenses incident to the collection of those accounts at some future date, paid or incurred within the taxable years. See Appeal of Morrison-Ricker Mfg. Co., 2 B. T. A. 1008.
Certain facts were developed by testimony during the hearing which, though not so indicated at the time by counsel, were apparently intended to show that the petitioner was entitled to have its profits taxes for the year 1918 determined under the special relief provisions of the applicable act. íliose facts are entirely too meager and insufficient to warrant a conclusion that there existed, during the year 1918, any abnormalities affecting net income or invested *291 capital to such an extent as to work upon the petitioner an exceptional hardship which, if true, would have entitled it, under the provisions of section 327 (d) of the llevenue Act of 1918, to have its profits tax liability determined in accordance with section 328 of the Act. Therefore, the relief for which petitioner prays must be denied.

Judgment will he entered for the Commissioner.

Phillips dissents.